**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**AETNA INC.,**

        **Plaintiff,**                    **CIVIL ACTION NO. 11-CV-15346**

**VS.**                              **DISTRICT JUDGE DENISE PAGE HOOD**

**BLUE CROSS BLUE SHIELD OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**MICHIGAN,**

        **Defendant.**

                              **/**

**ORDER GRANTING DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S**
**MOTION TO COMPEL DAMAGES INFORMATION (DOCKET NO. 38)**

This matter comes before the Court on Defendant Blue Cross Blue Shield of Michigan's

Motion to Compel Damages Information. (Docket no. 38). Plaintiff filed a response. (Docket no.

41). Defendant filed a reply. (Docket no. 46). The motion has been referred to the undersigned for

determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 42). The Court dispenses with

oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Defendant challenges the sufficiency of Plaintiff's initial disclosure on damages under

Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Rule 26(a)(1)(A) provides that a party must,

without awaiting a discovery request, provide to the other parties "a computation of each category

of damages claimed" and generally make available documents on which each computation is based.

Fed.R.Civ.P. 26(a)(1)(A)(iii). Defendant argues that Plaintiff's initial disclosure on damages is

deficient because it fails to provide a computation supported by documents showing how Plaintiff

derived each category of claimed damages.

The parties were to submit their Rule 26(a)(1) initial disclosures by January 27, 2012.

1

(Docket no. 9).  On February 10, 2012 Plaintiff served on Defendant a supplemental initial disclosure identifying the following information in support of its damages claim: (a) lost profits ranging from approximately $77.7 million to $136 million ($233.1 million to $408 million after trebling); (b) lost future profits ranging from approximately $126 million to $283.5 million ($378 million to $850.5 million); and (c) diminution in business value of approximately $344.25 million (approximately $1.033 billion after trebling).  (Docket no. 41, ex. B).  Sometime later Plaintiff produced approximately twenty-four pages of documents to support the $2 billion damages claim. Plaintiff later clarified through email correspondence that its damages calculation was "based on a comparison of projected profits versus actual profits, and on the projected value of the Michigan PPOM business and the actual value of the Michigan PPOM business."  (Docket no. 41, ex. C).

Defendant contends that the parties engaged in several discussions concerning the insufficiency of Plaintiff's initial disclosures, during which Plaintiff insisted that its damages disclosure was adequate.  Consequently, in an effort to obtain the information it believed it required, Defendant served Plaintiff with an interrogatory asking Plaintiff to describe in detail how it calculated its damages and requesting that Plaintiff identify the documents and information upon which Plaintiff's damages calculations are based.  (Docket no. 38, ex. H, Second Set of Interrogatories no. 14).  Plaintiff objected to the interrogatory, stating that the interrogatory required Plaintiff to summarize all its evidence for trial at the outset of discovery and required it to produce information that was duplicative of information provided in its initial disclosures.

In the instant motion Defendant  moves to compel Plaintiff to identify and disclose at least: (a) the accounting records that disclose the "projected profits" and "projected value" of the business for the time period at issue; (b) the accounting records that disclose the "actual profits" and "actual

value" of the business for the time period at issue; (c) a detailed description of the mathematical calculations Plaintiff performed to compare the "projected" and "actual" figures and arrive at the dollar amounts identified in its initial damages disclosures; (d) any "other materials bearing on the nature and extent of" Plaintiff's damage calculations, for example, accounting records, business projections, and other documents which Blue Cross can use to perform its own analysis of expected and actual profits and business value; and (e) to the extent Plaintiff refines its damage calculations, supplemental information consistent with the above.

Plaintiff argues in response that it provided basic damage computations as required by Rule 26(a)(1)(A)(iii) and has agreed to supplement its initial disclosures as it develops further information on damages throughout the course of discovery.  Plaintiff also argues that it has committed to produce documents related to damages issues that have been requested by Defendant in discovery requests, and it will produce information on damages in its expert report.  In light of Plaintiff's assertions, it is apparent that all information and documents that Plaintiff now has available to it and that supports its damages claim have not been produced and in fact, Plaintiff refused to produce information requested in Defendant's Second Set of Interrogatories no. 14 on damages.

Federal Rule of Civil Procedure 26 states that Plaintiff must provide computations of each category of damages and access to relevant documents without waiting for a discovery request.  A "party must make its initial disclosures based on the information then reasonably available to it" and not excuse its noncompliance because it has not fully investigated the case.  Fed.R.Civ.P. 26(a)(1)(E).  A party must supplement its initial disclosures if it learns that its disclosures are incomplete and if the additional information has not otherwise been made known to the other parties during the course of discovery.  Fed.R.Civ.P. 26(e)(1)(A).

3

The Court will order Plaintiff to supplement its response to Plaintiff's initial disclosures to provide up-to-date calculations for each category of damages claimed and produce the documents or other evidentiary material on which each calculation is based.  Plaintiff's production should include all nonprivileged documents and materials within its possession, custody, or control bearing on the nature and extent of Plaintiff's damage computations, including accounting records that disclose the projected profits and projected value of the business for the time period at issue, as well as those records that show the actual profits and actual value of the business for the time period at issue.  To the extent Plaintiff has produced or otherwise provided access to evidence supporting its damages calculations it should identify those documents by Bates number.  Plaintiff should also identify the calculations it performed in comparing the projected and actual figures to arrive at the dollar amounts shown in its initial damages disclosure.  The Court will also order Plaintiff to respond to Defendant's Second Set of Interrogatories no. 14.

**IT IS THEREFORE ORDERED** that on or before November 1, 2012 Plaintiff must serve supplemental initial disclosures on Defendant, specifically providing separate up-to-date damage computations for each category of damages claimed.  By that same date Plaintiff must also provide access to documents and other materials supporting its claim for each category of damages as discussed in this Order.

**IT IS FURTHER ORDERED** that on or before November 1, 2012 Plaintiff must serve on Defendant its response to Defendant's Second Set of Interrogatories no. 14.

4

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. § 636(b)(1).

Dated: September 24, 2012        s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 24, 2012        s/ Lisa C. Bartlett
                                     Case Manager