UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AETNA INC.,

        Plaintiff,                              CIVIL ACTION NO. 11-CV-15346

VS.                                         DISTRICT JUDGE DENISE PAGE HOOD

BLUE CROSS BLUE SHIELD OF       MAGISTRATE JUDGE MONA K. MAJZOUB
MICHIGAN,

        Defendant.
_____/

### ORDER GRANTING IN PART PLAINTIFF AETNA INC.'S MOTION TO COMPEL INFORMATION REGARDING BLUE CROSS'S PURPORTED SOCIAL MISSION (DOCKET NO. 48)

This matter comes before the Court on Plaintiff Aetna Inc.'s Motion to Compel Information Regarding Blue Cross's Purported Social Mission. (Docket no. 48). Defendant filed a response. (Docket no. 54). Plaintiff filed a reply. (Docket no. 57). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 50). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Plaintiff served its Third Request for Production of Documents to Defendant Blue Cross Blue Shield of Michigan on April 23, 2012. (Docket no. 48, ex. A). Defendant served its responses and objections on May 29, 2012. (Docket no. 48, ex. B). In the instant motion Plaintiff moves to compel Defendant to produce information responsive to its Third Request for Production of Documents nos. 18 through 23.

Document Request nos. 18 and 19 ask Defendant to show (a) all compensation and (b) all

1

targets, goals, or formulas concerning any form of compensation for seventeen identified officers or senior executives of Blue Cross Blue Shield for each year from 2005 through 2011. Document Request nos. 20 through 23 ask Defendant to produce documents sufficient to show information pertaining to its nonqualified defined benefit pension plans that are maintained for Blue Cross Blue Shield key employees, including:

> (a) the recipients or participants of such plans from January 1, 2005 to present, benefit obligations for each person, amounts contributed to the plans per year, and amounts withdrawn or paid from the plans per year (RFP no. 20);

> (b) the manner in which the recipient becomes eligible to participate in Blue Cross Blue Shield's nonqualified defined benefit pension plan (RFP no. 21);

> (c) the conditions which employees must satisfy to participate in Blue Cross Blue Shield's nonqualified defined pension plans (RFP no. 22); and

> (d) all changes to the plans and the manner in which such plans have changed from 2004 to the present, including any changes in plan terms, plan assumptions, contribution schedules or requirements, or terms for withdrawal or payment from the plans (RFP no. 23).

Plaintiff argues that the information requested in Document Requests nos. 18 through 23 is relevant to the defense that Defendant engaged in the conduct alleged in this lawsuit in furtherance of its social mission to operate as a benevolent and charitable, nonprofit institution. Defendant in turn objects to the requests on the basis of relevance, arguing that Plaintiff's requests for sensitive compensation and benefit information of Blue Cross executives has no bearing on its statutory duty to operate as a benevolent and charitable institution. Defendant also argues that it has agreed to produce certain documents to the Department of Justice in Case No. 10-CV-14155 that will test its social mission and it will produce those same documents to Plaintiff in this case.[1]

---

[1] Production of the documents to which Defendant refers in relation to Case No. 10-CV-14155 is the subject of a separate motion to compel pending before this Court.

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). Relevance is construed broadly to include any matter that could bear on any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). "At the same time ... [d]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id*. at 351-52.

The Court finds that the detailed compensation and benefit information sought in Request for Production nos. 18, 20, 21, 22, and 23 is not relevant to whether Defendant operated as a nonprofit, charitable and benevolent institution. However, Request for Production no. 19, asking for the targets, goals, or formulas concerning any form of compensation for seventeen identified officers or senior executives of Blue Cross Blue Shield for each year from 2005 through 2011, is relevant. Accordingly, the Court will deny Plaintiff's motion to compel responses to Request nos. 18, 20, 21, 22, and 23, and will grant Plaintiff's motion as to Request no. 19.

**IT IS THEREFORE ORDERED** that Plaintiff Aetna Inc.'s Motion to Compel Information Regarding Blue Cross's Purported Social Mission (docket no. 48) is **GRANTED IN PART**. On or before November 1, 2012 Defendant must produce information requested in Plaintiff's Third Request for Production of Documents no. 19. In all other respects Plaintiff's motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 26, 2012    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 26, 2012    s/ Lisa C. Bartlett
Case Manager