**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AETNA INC.,

        Plaintiff,                       CIVIL ACTION NO. 11-CV-15346

VS.                                         DISTRICT JUDGE DENISE PAGE HOOD

BLUE CROSS BLUE SHIELD OF       MAGISTRATE JUDGE MONA K. MAJZOUB
MICHIGAN,

        Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO COMPEL BASIC CLAIM INFORMATION (DOCKET NOS. 65, 66)**

This matter comes before the Court on Defendant Blue Cross Blue Shield of Michigan's Motion to Compel Basic Claim Information. (Docket nos. 65, 66). Plaintiff filed a response. (Docket no. 84). Defendant filed a reply. (Docket no. 89). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 68). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Defendant moves to compel full and complete responses to Interrogatories nos. 2, 4, 8, 9, and 10. More specifically, Defendant requests an order compelling Plaintiff to provide:

    a. A complete list of hospitals that Plaintiff contends either raised its rate, or refused to lower its rate, specifying as to each such hospital which of three allegations in the Complaint refer to it. Hospitals that Plaintiff has not included on this list at least five days in advance of the hospital's deposition should be barred from Plaintiff's case.
    b. As to any hospital that Aetna contends raised its rate, the contractual and actual reimbursement, for both Plaintiff and its PPOM subsidiary, before and after the rate increase;
    c. A list of customers whose insurance premium was increased, specifying the old

1

    premium and the new premium; and
    d. For all insurance plans whose premiums were increased, an explanation of the actuarial cycle on which those premiums were calculated, sufficient to allow Defendant to test whether that timing is consistent with the allegation that the hospital rate increase caused the premium increase.

Interrogatory no. 2 asks Plaintiff to identify each hospital which "approached Aetna and stated that they would have to raise the rates that PPOM/Aetna had previously negotiated" and for each such hospital describe in detail (i) all communications or negotiations over rates that subsequently took place between Plaintiff and such hospital, (ii) the outcome of such negotiations, including a description of any rate increase subsequently agreed to by Plaintiff (stating the rate paid by Plaintiff before and after such negotiations, the timing of any such increase, or any change in the method of determining the amount paid), or whether Plaintiff's provider agreement with such hospital was terminated.

In response to Interrogatory no. 2, Plaintiff provided a list identifying nine hospitals and hospital systems that it claims demanded rate increases from Plaintiff due to Defendant's most favored nation (MFN) clauses. (Docket no. 66, ex. H). In addition, Plaintiff agreed to produce the complete set of documents constituting the communications or negotiations over rates that took place between Plaintiff and the hospitals or hospital systems that demanded rate increases due to Defendant's MFNs, from which Plaintiff states its response to Interrogatory no. 2(i) can be derived. Plaintiff also provided the Bates numbers of its Provider Agreements with relevant hospitals from which Defendant can determine Plaintiff's response to Interrogatory no. 2(ii).

Rule 33(d), Federal Rule of Civil Procedure, states that when the answer to an interrogatory may be determined by examining a party's business records, and if the burden of deriving the answer will be substantially the same for either party, the responding party may identify the records to be

reviewed and give the interrogating party a reasonable opportunity to examine the records. Plaintiff asserts that the burden of determining responses to Interrogatory no. 2(i) and (ii) from the documents it intends to produce will be substantially the same for Defendant as for Plaintiff.

The Court is satisfied with Plaintiff's response to the first portion of Interrogatory no. 2, which asks Plaintiff to identify any hospital that approached Plaintiff and stated that they would have to raise the rates that PPOM/Aetna had previously negotiated. Plaintiff identified nine hospitals and agreed to supplement its response in a timely manner as it learns more throughout the course of discovery as it is required to do under Federal Rule of Civil Procedure 26(e)(1).

The Court's May 17, 2012 Scheduling Order gives the parties until September 10, 2012 to file their final witness lists, September 25, 2012 to serve Rule 45 subpoenas, and sets the close of discovery for November 30, 2012. The Court sees no reason at this juncture why it should grant Defendant's request to bar Plaintiff from introducing evidence of rate increases at any hospital that is not identified in a supplemental interrogatory at least five days in advance of the deposition of that hospital.

With respect to Plaintiff's response to Interrogatory no. 2(i), Plaintiff failed to specifically identify to which records it was referring, stating only that the response can be found in the documents Plaintiff produced in response to Defendant's requests for production of documents. As previously indicated, Rule 33(d) requires the party to specify the records in sufficient detail to enable the other party to locate and identify the records. Since Plaintiff failed to do so, its use of Rule 33(d) was not proper and it will be ordered to supplement its responses with a narrative answer for the specific question asked by Interrogatory no. 2(i), or in the alternative, identify by Bates number or otherwise where the documents responsive to this request can be found.

Finally, the Court finds that the burden of determining information in response to Interrogatory no. 2(ii) is within Plaintiff's knowledge rather than Defendant's. Therefore, the burden for Plaintiff to derive the answers to Interrogatory no. 2(ii) from its business records is less than it would be for Defendant to do. Accordingly, the Court will order Plaintiff to supplement its responses with a narrative answer for the specific question asked by Interrogatory no. 2(ii) as that request is described in this Order.

Interrogatory no. 4 asks Plaintiff to identify every instance in which Plaintiff attempted to negotiate to reduce its rate with any Michigan hospital from 2005 to the present, including those in which Plaintiff was told that the hospital could not reduce Plaintiff's rates because of the coercive provisions in the hospital's contracts with Blue Cross, and describe in detail the outcome of such negotiations along with the identity of any hospital which agreed to Plaintiff's rates. Plaintiff objected to the request in part on the ground that the interrogatory was overly broad and unduly burdensome in asking Plaintiff to identify *every instance* in which Plaintiff attempted to negotiate to reduce its rates with *any* Michigan hospital. Plaintiff then identified thirty-six hospitals based on information known to it at the time the complaint was filed. (Docket no. 66, ex. E).

Defendant argues that Plaintiff's response is incomplete because during the deposition of a hospital that was not identified in Plaintiff's Interrogatory no. 4 response, questions were raised as to whether that hospital was one of the hospitals that refused to reduce its rate due to Defendant's MFNs. Defendant contends that Plaintiff should have supplemented its response to Interrogatory no. 4 so as to identify the hospital, and asks the Court to bar Plaintiff from offering evidence at trial about any refusal to agree to rate decreases for any hospital not specifically listed in Plaintiff's response to Interrogatory no. 4.

The Court finds that Interrogatory no. 4 is overly broad. Since discovery does not close until November 2012, Defendant has an opportunity to serve a more narrowly tailored interrogatory directed toward this issue. Accordingly, the Court will deny Defendant's motion as to this request.

Interrogatory no. 8 asks Plaintiff to identify each hospital that "informed Aetna in writing that they had no desire to raise the prices to Aetna," and for each such hospital: (i) identify the "writing" that Plaintiff received, (ii) describe in detail all communications or negotiations that took place between Plaintiff and such hospital, and (iii) describe the outcome of such negotiations, including a description of any rate increase subsequently agreed to by Plaintiff (stating the rate paid by Plaintiff before and after such negotiations, the timing of any such increase, or any change in the method of determining the amounts paid), or whether Plaintiff's Provider Agreement with such hospital was terminated.

In its supplemental response, Plaintiff states that subsequent conversations between Plaintiff and Defendant have revealed that Defendant wants a narrower response to Interrogatory no. 8 than what it originally requested. Plaintiff maintains that what Defendant wants in Interrogatory no. 8 is a list of the hospitals referred to in Paragraph 21 of the Complaint. In response to this modified request, Plaintiff identified three hospitals based on information then available to it. (Docket no. 66, ex. E). The Court finds that Interrogatory no. 8 as written is overly broad in asking for a detailed description of *all* communications that took place between Plaintiff and any hospital that informed Plaintiff in writing that it had no desire to raise the prices to Plaintiff. As for the apparent modification of the request, the Court is satisfied with Plaintiff's response subject to Plaintiff's continuing duty to supplement its response on a timely basis as it learns more in the course of discovery. The Court will deny Defendant's motion to compel further response to this request.

5

Interrogatory no. 9 asks Plaintiff to identify every person who Plaintiff contends experienced "increasing ... premiums ... for commercial health insurance" as a result of Blue Cross's MFNs, including (i) each customer segment affected by the increased premiums, (ii) the geographic market associated with each increased premium, (iii) the amount of each increased premium before it was increased, and (iv) the amount of the increased premium.  Plaintiff's supplemental response states that Defendant's exclusionary contracts inflated the prices Plaintiff and other managed care companies paid to hospitals throughout the State of Michigan, which resulted in increased premiums to consumers throughout the State of Michigan.  Defendant asks for an order compelling Plaintiff to provide a complete list of all of its insureds whose premiums were increased by Defendant's conduct.  Defendant further claims that the list may be provided on an aggregate basis without listing each and every individual customer, by listing all plans offered to employers whose premiums were increased.  In light of Plaintiff's assertion that consumers throughout the State of Michigan have been impacted by higher rates as a result of Defendant's exclusionary contracts, the Court will order Plaintiff to supplement its response to provide a narrative answer listing and describing the plans offered to employers whose premiums were increased as a result of Defendant's MFNs.

Interrogatory no. 10 asks Plaintiff to describe in detail the timing elements of the process Plaintiff used to establish the rates charged to customers in Michigan for each health insurance product or health benefit plan, including but not limited to (i) differences in the time period for which medical claims experience is collected and analyzed, and the time of the rating period for which rates are set; and (ii) the methods used and factors considered in estimating medical claims costs that are expected during the period for which the rates are effective, including a description of how the projected effects of any MFN were factored into claims costs or rates.  Plaintiff objected

to the request on the grounds that it was vague, ambiguous, and overly burdensome, but than agreed to produce documents pursuant to Federal Rule of Civil Procedure 33(d) sufficient to show how its Medical Economics Unit has, since January 1, 2004, established the rates it charges to customers in Michigan. Plaintiff's use of Rule 33(d) was not proper because the response failed to specifically identify to which records Plaintiff was referring. Accordingly, the Court will order Plaintiff to specifically identify, by Bates number or otherwise, each document produced which is responsive to this interrogatory.

**IT IS THEREFORE ORDERED** that Defendant Blue Cross Blue Shield of Michigan's Motion to Compel Basic Claim Information (docket nos. 65, 66) is **GRANTED IN PART**. On or before November 1, 2012 Plaintiff must produce information requested in Defendant's Interrogatories nos. 2(i) and (ii), 9, and 10 as described in this Order. In all other respects Defendant's motion is denied.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 2, 2012                           s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 2, 2012				s/ Lisa C. Bartlett
						Case Manager