## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**AETNA INC.,**

        **Plaintiff,**              **CIVIL ACTION NO. 11-CV-15346**

**VS.**                              **DISTRICT JUDGE DENISE PAGE HOOD**

**BLUE CROSS BLUE SHIELD OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**MICHIGAN,**

        **Defendant.**

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
## (DOCKET NO. 126)

This matter comes before the Court on Plaintiff's motion for protective order. (Docket no. 126). Defendant filed a response. (Docket no. 149). Plaintiff filed a reply. (Docket no. 155). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 209). The motion has been referred to the undersigned for a decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 132). The Court heard oral argument on the motion on April 15, 2013 and denied the motion at that time.

Plaintiff moves for a protective order to quash the deposition notice served by Defendant for the deposition of Plaintiff's CFO Joseph Zubretsky. Defendant noticed the deposition of Zubretsky on November 9, 2012, approximately twenty-one days before the close of fact discovery. The Court's Stipulated Order Amending Scheduling Order No. 1 states that the parties may notice a deposition at any time before the end of fact discovery subject to the reasonable written notice requirement of Rule 30(b)(1). (Docket no. 106). Indeed, the Court contemplated that Mr. Zubretsky's deposition may be the subject of motion practice and should proceed, if permitted,

within a reasonable time after the resolution of any such motion and even after the close of fact discovery.  (Docket no. 139).

Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  For good cause shown, the court may issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The moving party must establish its need for a protective order "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citations and internal quotation marks omitted).

Plaintiff urges the Court to apply the "apex doctrine" in which courts will protect individuals at the apex of a corporate hierarchy from deposition when such individuals lack personal knowledge regarding the litigation, or when the requested information could be garnered from equally or more knowledgeable subordinates.  The Sixth Circuit has held that "[e]ven in cases where [the court] ha[s] considered extensively a corporate officer's knowledge and, thus, capacity to provide information relevant to the case," the court must analyze whether the deposition will subject the corporate officer to "annoyance, embarrassment, oppression, or undue burden or expense."  *Id*. at 901.

The Court finds that Plaintiff has failed to demonstrate that Mr. Zubretsky will be subject to undue annoyance, embarrassment, oppression, or undue burden or expense if he submits to the deposition.  The Court further finds that Mr. Zubretsky may have unique personal knowledge of facts relevant to the dispute.  For the reasons stated on the record, and because Plaintiff has not shown good cause for issuance of a protective order, the Court will deny its motion.

2

**IT IS THEREFORE ORDERED** that Plaintiff's motion for protective order (docket no. 126) is **DENIED**.  Plaintiff is ordered to produce Mr. Zubretsky for a 30(b)(6) deposition no later than July 31, 2013.  The deposition may not exceed five hours.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 30, 2013                              s/ Mona K. Majzoub_____
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 1, 2013                                 s/ Lisa C. Bartlett_____
                                                   Case Manager

3