UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AETNA INC.,**

               **Plaintiff,**                  **CIVIL ACTION NO. 11-CV-15346**

**VS.**                                   **DISTRICT JUDGE DENISE PAGE HOOD**

**BLUE CROSS BLUE SHIELD OF**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**MICHIGAN,**

               **Defendant.**

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (DOCKET NO. 143)

    This matter comes before the Court on Plaintiff's motion to compel responses to interrogatories. (Docket no. 143). Defendant filed a response. (Docket no. 169). Plaintiff filed a reply. (Docket no. 179). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 188). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 146). The Court heard oral argument on the motion on April 15, 2013 and took the matter under advisement. The Court is ready to rule on the motion.

    Plaintiff served its Second Set of Interrogatories on Defendant and received responses on July 16, 2012. The Second Interrogatories sought responses to Interrogatory Nos. 3 through 7. Plaintiff served its Third Set of Interrogatories on Defendant on September 25, 2012, seeking responses to Interrogatory Nos. 8 through 20. Defendant served its responses and objections to Plaintiff's Third Set of Interrogatories on November 9, 2012. Defendant objected to Plaintiff's Third Set of Interrogatories because by its count the thirteen interrogatories asked Defendant to answer hundreds if not thousands of discrete questions. Defendant also objected on the grounds of

1

relevance and argued that the requests were unreasonably cumulative or duplicative because they sought substantially the same information as was sought by the government in a related case. Plaintiff argues that its interrogatories are not duplicative and do not contain discrete subparts.

Federal Rule of Civil Procedure 33 permits a party to serve no more than twenty-five written interrogatories, including all discrete subparts, without leave of court. Fed. R. Civ. P. 33(a)(1). "Discrete subparts" of an interrogatory are questions which ask for discrete pieces of information. *See Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993). A subpart that is related to the primary question or directed at eliciting details concerning the common theme of the interrogatory should be counted as one interrogatory rather than as a discrete and separate interrogatory. *Harhara v. Norville*, No. 07-12650, 2007 WL 2897845, at *1 (E.D. Mich. Sept. 25, 2007) (citations omitted).

Plaintiff's motion to compel concerns Plaintiff's Second Interrogatory no. 3(e) and Third Interrogatory nos. 8 through 20. Second Interrogatory no. 3(e) asks the following: Separately, for each hospital with a Provider Agreement with Blue Cross including a Most Favored Nation clause ("MFN clause"), describe in detail all communications or negotiations over rates that took place between Blue Cross and such hospital, and the outcome of such negotiations, including a description of any rate increase agreed to by Blue Cross (stating the rate paid by Blue Cross before and after the MFN clause was agreed to, the timing of any such increase, or any change in the method of determining the amount paid). Defendant objected that the request was overbroad and unduly burdensome. Later, it agreed to provide a supplemental narrative response for 18 hospitals that Plaintiff identified in its own discovery responses. Plaintiff argues that Defendant's suggestion to limit its response to 18 hospitals is unacceptable. The Court finds that Interrogatory no. 3(e) is

2

overbroad and unduly burdensome given the potential number of hospitals at issue and Plaintiff's reluctance to limit the request to a fixed number of hospitals. The Court will deny Plaintiff's motion to compel a response to Interrogatory 3(e).

Next, Plaintiff moves to compel responses to Plaintiff's Third Interrogatory nos. 8-20. As previously indicated Defendant objected to the requests on the ground that they contain discrete subparts and exceed the twenty-five interrogatory limit of Rule 33. The Court finds that Plaintiff has not exceeded the twenty-five interrogatory limit. There is no doubt that the complexity and nature of the claims and the number of hospitals involved in this litigation will require Defendant to provide lengthy, multi-part answers to Plaintiff's interrogatories. However, the Court is not convinced that the requests contain an impermissible number of discrete subparts.

The Court concludes that Interrogatory nos. 9, 10, 12 and 13 are overbroad and will subject Defendant to undue burden if ordered to respond to the interrogatories. Accordingly, Plaintiff's motion to compel is denied as to Third Interrogatory nos. 9, 10, 12 and 13. Defendant's objections are overruled as to Third Interrogatory nos. 8, 11 and 14 through 20 and Plaintiff's motion will be granted as to these interrogatories.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel responses to interrogatories (docket no. 143) is **GRANTED IN PART**. On or before May 15, 2013 Defendant must serve on Plaintiff full and complete responses to Plaintiff's Third Interrogatory Nos. 8, 11 and 14 through 20. Plaintiff's motion is denied as to Plaintiff's Second Interrogatory no. 3(e) and Third Interrogatory nos. 9, 10, 12 and 13.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 30, 2013                  s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: May 1, 2013                     s/ Lisa C. Bartlett
                                       Case Manager

4