# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AETNA INC.,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant.

_____/

Case No. 11-15346

HON. DENISE PAGE HOOD

## ORDER REGARDING REPORT AND RECOMMENDATION [No. 224]

## I.  BACKGROUND

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation filed under seal on May 9, 2013 [Doc. No. 224]. The Report and Recommendation addressed Defendant Blue Cross Blue Shield of Michigan's Motion for Temporary Restraining Order and Preliminary Injunction[1] to Enforce the

---

[1] Although Blue Cross styled its motion as a "Motion for Temporary Restraining Order" or "Motion for Preliminary Injunction," the substance of the motion is non-dispositive and related to discovery, protective order and expert witness issues. A "plaintiff" in an action generally is the moving party on a Motion for Temporary Restraining Order or for Preliminary Injunction under Fed. R. Civ. P. 65. The issues raised in these motions go to the "merits" of a "claim," not as to the merits of any argument raised in discovery-related motions as in Blue Cross' motion relating to Aetna's expert. Blue Cross is the defendant in this action. In a Rule 65 injunctive motion, "[i]n order to establish a likelihood of success on the merits of a *claim*, a *plaintiff* must show more than mere possibility of success." *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.,* 119 F.3d 393, 402 (6th Cir. 1997)(italics added). A party is not required to prove its case in a preliminary injunction hearing as the evidence is less than complete than a "trial on the *merits*." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 542 (6th Cir. 2007)(italics added). The Magistrate Judge issued a Report and Recommendation based on Blue Cross' labeling of the motion as a dispositive motion.

Protective and Order and to Disqualify Plaintiff's Expert Van Conway [Doc. No. 197] and the related Motion to Quash Subpoenas for Protective Order and for Sanctions filed by Third Party Subpoena Respondents Charles Moore, Van Conway and Conway Mackenzie [Doc. No. 200]. The Magistrate Judge recommended that should the Court agree with the recommendation to grant in part the Motion for Temporary Restraining Order and Preliminary Injunction filed by Blue Cross to preclude Aetna's expert from receiving certain documents and from testifying as an expert for Aetna, then the related Motion to Quash Subpoenas would be rendered moot.

On May 23, 2013, Third Party Subpoena Respondents filed Objections to the Report and Recommendation. [Doc. No. 227] Neither of the parties in the action, Plaintiff Aetna Inc. or Blue Cross, filed Objections to the Report and Recommendation. Instead, on June 13, 2013, Aetna and Blue Cross filed a Joint Notice of Resolution Regarding Pending Motions and the Report and Recommendation. [Doc. No. 230] Aetna and Blue Cross indicated that because the Court allowed Aetna to file a substitute expert report, Blue Cross' Motion for Temporary Restraining Order and for Preliminary Injunction and request to disqualify

---

Discovery, protective orders and expert-related issues are governed by Rules 26 and 37, Rule 65. The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

Aetna's expert and Third-Party Subpoena Respondents' Motion to Quash were now rendered moot. Despite the resolution as to the expert issue between the parties to the case, Third-Party Subpoena Respondents argue that their pending Objections to the Report and Recommendation are not moot and seek a ruling on their Objections. [Doc. No. 231]

**II.     MOOTNESS**

The parties in this case, Aetna and Blue Cross, have resolved the issues relating to the preliminary injunction motion filed by Blue Cross. Blue Cross is therefore not going to purse the subpoenas it issued as to the Third-Party Respondents. The parties seek to set aside the Report and Recommendation issued by the Magistrate Judge as moot.

Since the underlying motions are now rendered moot, the Court grants Aetna and Blue Cross' request to vacate and set aside the Report and Recommendation as moot. The Court does so without ruling on the merits of the Report and Recommendation. *See Malone v. Humphrey,* 237 F.2d 55 (6th Cir. 1956)(Dismissing an appeal on motion by the appellant that the matter is resolved with instructions to the district court to vacate the order for the reason that the issue presented has become moot.); *Harris v. Haney,* 2013 WL 695756 (E.D. Ky. Feb. 26, 2013)(Setting aside the Magistrate Judge Recommendation as moot.).

### III. THIRD PARTY SUBPOENA RESPONDENTS' OBJECTIONS

Given that this Court has set aside the Magistrate Judge's Report and Recommendation as moot, the Third Party Subpoena Respondents' Objections are now rendered moot. Even if the matter is not moot, the Third-Party Subpoena Respondents lack standing to now raise Objections to the Report and Recommendation.

The doctrine of standing is a tool to determine whether a matter is a case or controversy, that is, when a dispute or claim is justiciable or appropriately resolved through the federal judicial process. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Cohn v. Brown,* 161 Fed. Appx. 450, 454 (6th Cir. Dec. 14, 2005). In the context of the expert-related discovery issue raised by Blue Cross, since Aetna has now agreed to substitute its expert and Blue Cross does not seek to proceed with its subpoena issued to Aetna's expert, there is no longer a "dispute" between Aetna and Blue Cross as to the expert issue. The Third-Party Subpoena Respondents lack standing in this matter since Blue Cross' subpoena issued to the Third-Party is no longer at issue before the Court. The Third-Party Subpoena Respondents' Objections to the Report and Recommendation are moot.

### IV. CONCLUSION

For the reasons set forth above,

4

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **[Doc. No. 224]** is SET ASIDE and VACATED as MOOT.

IT IS FURTHER ORDERED that the Third-Party Subpoena Respondents' Objections **[Doc. No. 227]** is MOOT.

IT IS FURTHER ORDERED that the Motion for Court Order and Decree for Temporary Restraining Order and Preliminary Injunction to Enforce the Protective Order and Emergency Motion to Disqualify Plaintiff's Expert **[Doc. No. 197]** is MOOT.

IT IS FURTHER ORDERED that the Motion to Quash **[Doc. No. 200]** is considered WITHDRAWN and MOOT.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager