UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AETNA, INC.,

      Plaintiff,                             CIVIL ACTION NO. 11-cv-15346

      v.                                    DISTRICT JUDGE DENISE PAGE HOOD

BLUE CROSS BLUE SHIELD        MAGISTRATE JUDGE MONA K. MAJZOUB
OF MICHIGAN,

      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY THE PROTECTIVE ORDER AND FOR RELATED RELIEF [384]

For the reasons stated on the record, at a hearing held on February 11, 2015, at 10:00 a.m., **IT IS ORDERED** that Defendant Blue Cross Blue Shield of Michigan's ("BCBSM's") Motion to Modify the Protective Order and for Related Relief [384] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Paragraphs 10(c) and 10(d) of the parties' Second Amended Stipulated Protective Order Concerning Confidentiality (docket no. 191) are hereby modified to permit former employees of the Party that designated the Confidential Information who are being prepared to testify at trial to be shown certain Confidential Information of the opposing Party as part of their preparation to testify at trial, under the following conditions:

    i. Interviews of former Aetna employees now employed by BCBSM involving Aetna's confidential information will be conducted by outside counsel only, without in-house counsel present, except for Mr. Rob Phillips, an in-house BCBSM attorney whose

        sole responsibilities relate to litigation;

  ii.     The interviews will be conducted for the sole purpose of preparing the individual to testify at trial;

  iii.    The former employee of the opposing Party will have access to the documents only in the presence of counsel during the interview and will not be allowed to keep any of the documents following the interview;

  iv.    Specific contract rate information will be redacted from any documents of the opposing Party that are shown to the witness; and

  v.     Witnesses can only be shown documents that they created or received during their employment with the opposing Party. Where it is not evident on the face of the document that it was either created or received by the witness during his or her employment with the opposing Party, counsel may show the document to the witness for purposes of determining whether the witness created or received the document in accordance with the procedure set forth in Paragraph 10(d).

b.    As the parties agreed prior to the hearing, counsel for BCBSM and Mr. Jeffrey Connolly are permitted to meet for the purpose of preparing Mr. Connolly to testify at trial in this matter. Such meetings may be attended only by outside counsel for BCBSM in this action and one designated in-house BCBSM attorney, Mr. Robert Phillips, whose practice is limited to litigation and not contract negotiation or related business matters. Any Aetna information discussed in such meetings will be treated as Confidential Information pursuant to the terms of the Protective Order; and the discussion of Aetna information in such meetings will not be deemed a violation of Mr. Connolly's separation agreement from Aetna. Nothing in this

Order, however, will be construed as compelling Mr. Connolly to participate in any such meetings.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  February 12, 2015    s/ Mona K. Majzoub
　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  February 12, 2015    s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　Case Manager