UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AETNA INC.,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant.
_____/

Case No. 11-15346

HON. DENISE PAGE HOOD

**ORDER REGARDING MOTION TO EXCLUDE AETNA'S
JANUARY 7, 2014 PRODUCTION, OR ALTERNATIVELY,
MOTION FOR ADDITIONAL DISCOVERY
AND
ORDER REGARDING MOTION FOR LIMITED RELIEF
UNDER PROTECTIVE ORDER**

**I.    BACKGROUND**

This matter is before the Court on a Motion to Exclude Aetna's January 7, 2014 Production, or alternatively, for Additional Discovery and Motion for Limited Relief Under Protective Order filed by Blue Cross. Responses and replies have been filed and a hearing held on the motions. In addition, the Court has held various conferences with the parties and orders have been entered regarding additional discovery relating to the January 7, 2014 Production issue.

Aetna filed a two-count Complaint against Blue Cross alleging: Unlawful Agreement in Violation of Sherman Act § 1 (Count One); and, Violation of M.C.L.

§ 445.772, Michigan Antitrust Reform Act (Count Two). Aetna alleges that Blue Cross, the dominant provider of health insurance and administrative services to managed care plans in Michigan, has implemented a scheme to use ever-increasing premiums from the patients and employers it serves in order to protect its dominant position and thwart competition from Aetna and other competitors. (Comp., ¶ 1) Aetna claims that Blue Cross has entered into exclusionary contracts with hospitals under which it agreed to pay hospitals more money if the hospitals increased the rates they demanded to treat patients covered by its competitors' health plans. (*Id.*)

## II. DEFENDANT BLUE CROSS' MOTION TO EXCLUDE AETNA'S JANUARY 7, 2014 PRODUCTION OF DOCUMENTS FROM TRIAL, OR ALTERNATIVELY, FOR ADDITIONAL DISCOVERY

Pursuant to the various conferences and orders entered by the Court regarding the January 7, 2014 Production of Documents by Aetna, the Court finds this motion is now moot. The Court allowed further discovery as to the January 7, 2014 Production of Documents, granting Blue Cross' alternative request for additional discovery. Because the Court allowed the additional discovery in this matter and the parties have filed supplemental briefings relating to the Motion for Summary Judgment and Motions to Exclude Experts, the Court denies without prejudice the harsher relief under Rule 37 sought by Blue Cross to exclude Aetna's January 7, 2014 production of documents from trial.

## III. BLUE CROSS' MOTION FOR LIMITED RELIEF UNDER PROTECTIVE ORDER

Blue Cross seeks limited relief under the terms of the Stipulated Protective Order so that Blue Cross may file a report on Aetna's "probable violations" of Michigan law to the Michigan Department of Insurance and Financial Services ("DIFS"). This motion relates to the new contracts noted above which were produced to Blue Cross in January 2014. Blue Cross asserts that certain of the contractual provisions violate Michigan law, 2013 PA 5 § 3405a, regarding the "most favored nation" clauses. Blue Cross claims that in order to file a report with the DIFS, the complainant must identify the specific section of the law which it alleges has been violated and provide documentation to support the allegation. DIFS, Guide to Resolving Business to Business Problems (June 2013)(App. 3). Aetna had designated these contracts as "highly confidential" under the Protective Order.

Aetna opposes the request claiming that Blue Cross has failed to show "good cause" for relief from the stipulated protective orders. Aetna claims that Blue Cross' motion is baseless. Aetna asserts that Blue Cross' burden is extraordinarily high in order to be relieved of its obligations under the protective order. Aetna claims it has not violated Michigan law and Blue Cross is merely harassing Aetna by filing a complaint with the DIFS.

A party may obtain a protective order as to discovery material on a showing of "good cause." Fed. R. Civ. P. 26(c). However, "good cause" or a higher standard is not required to modify a protective order, so long as access to the protected matters can be granted without harm to legitimate secrecy interests, and, if no such interests exist, continued judicial protection cannot be justified. *Meyer Goldberg, Inc. v. Fisher Foods, Inc.,* 823 F.2d 159, 163 (6th Cir. 1987). Protective orders may be subject to modification "to meet the reasonable requirements of parties in other litigation." *Id.* (quoting *United States v. GAF Corp.,* 596 F.2d 10, 16 (2d Cir. 1979)). Courts have not allowed release of information obtained during a civil judicial process that might harm a litigant's competitive standing. *See, Nixon v. Warner Communications, Inc.,* 435 U.S. 489, 598 (1978). Once documents are filed with the court, there is a strong presumption, grounded on the First Amendment and common law, that they should be open to the public. *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1177-79 (6th Cir. 1983). In the Sixth Circuit, the decision to lift or modify an order regarding documents under a protective order is left to the sound discretion of the district court. *Meyer Goldberg,* 823 F.2d at 161.

Based on the Sixth Circuit law noted above, the burden to modify a protective order does not require either a "good cause" or higher standard as argued by Aetna. The district court, in its discretion, may modify a protective order, so long as

4

legitimate secrecy interests are protected. In this case, Blue Cross seeks to file a report on Aetna's "probable violations" of Michigan law to the DIFS based on the new contracts Aetna produced to Blue Cross in January 2014. The Court need not interpret the Michigan law to determine whether Blue Cross may so disclose the contracts to the DIFS since it is the DIFS who determines whether there is such a violation. The only reason Aetna opposes the request is that the protective order provides that the documents produced as confidential may be used in "this action" only. As noted by the Sixth Circuit, the Court may modify a protective order in its discretion.

The "secret" Aetna wishes to protect is the "commercial information" in the contracts, without specifically identifying such information within the contracts. It may be that Aetna seeks to protect the rates agreed to in the contracts. However, release of the documents to DIFS, a regulatory agency in Michigan, is not a release of the documents to competitors or other hospitals. Investigations and examinations of allegations by DIFS are confidential. "The commissioner or any of the commissioner's employees or agents shall not divulge confidential information acquired in the court of an examination or investigation" and "all information and testimony furnished ... related to an examination report or an investigation shall be withheld from public inspection, shall be confidential, shall not be subject to

5

subpoena, and shall not be divulged to any person ...." M.C.L. §§ 500.226, 500.222(7).

A protective order regarding discovery documents should not be used as a shield to hide from a claim before a regulatory agency. Courts should not condone such use of a protective order. In any event, once the contracts are filed with the Court in support or in opposing a motion or presented as exhibits at trial, the documents are no longer protected from the public under the First Amendment, especially if those contracts are to be used to support a claim or defense by a party in a dispute before a public forum. Aetna filed the action before the court, which is a public forum. Even if Aetna does not present the contracts in connection with a trial, the documents should be allowed to be presented to a regulatory agency, in light of the confidential protections given to these documents by the DIFS while it investigates complaints filed by businesses. The Court will allow the disclosure of the information by Blue Cross to the regulatory body only.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Blue Cross' Motion to Exclude Aetna's January 7, 2014 Production, or alternatively, for additional Discovery **(Doc. No. 303)** is MOOT, the Court having allowed additional discovery in this matter. The Court

declines to exclude at trial the documents relating to the January 7, 2014 Production at this time.

IT IS FURTHER ORDERED that Defendant Blue Cross' Motion for Limited Relief under Protective Order **(Doc. No. 304)** is GRANTED.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager
